## WILL TURNER v. THE STATE.

### No. 116.　Decided April 12, 1911.

**1.—Burglary—Evidence—Confession—Fruits of Crime.**

Where, upon appeal from a conviction of burglary, defendant complained of the admissions of his confessions while under arrest, and that the same were not in writing; but the record showed by defendant's bill of exceptions that the idea, that the stolen goods were found by reason of the confession, was not excluded; or that the sheriff to whom the confession was made knew of the whereabouts of the stolen goods before the confession, there was no reversible error, although the defendant may have been under arrest at the time of making the confessions.

**2.—Same—Ownership—Charge of Court.**

Where the evidence showed that the party alleged in the indictment as owner had charge and control of the alleged stolen goods for the actual owner, who had left them in his charge, there was no error in the court's failure to instruct the jury that the alleged goods must be the corporeal personal property of the alleged owner.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was had against appellant for burglarizing a house occupied by Walter Daniels. Daniels was operating a pressing and clothes-cleansing establishment, and had closed the house at night when he ceased working and had fast-

ened down the windows. During the night some one entered and took from the house various articles of clothing in his possession for the purpose of being pressed and cleansed.

Appellant admitted to the sheriff entering the house and taking the goods, and the further fact that he shipped them to the address of Fay Clark, at Tyler, Texas. A bill of exceptions was reserved to the admission of the confession. The bill recites that while the sheriff was testifying, among other things, he stated that appellant admitted to him that he had shipped a box from Greenville to Tyler, and that he, defendant, had just as well sign an order to the express agent at Tyler to have the box reshipped to Greenville. Objection was urged to this because the same was a confession, and was not taken and reduced to writing, as provided by law. The objections were overruled and the testimony went to the jury. The court qualified the bill by stating that the sheriff, without objection, testified to the statement made to him by appellant in which he acknowledged he had taken some goods from Daniels' house and had shipped them by express to Tyler, and that he gave the witness a written order on the express company for said goods, and that he, witness, with said order secured a box of goods from the express company that was addressed to Fay Clark, the party to whom defendant claimed to witness he had shipped the goods. The goods thus secured were identified as the goods taken from Daniels' house on the night of the burglary. After this testimony was brought out by the State, defendant's counsel then took him on cross-examination and developed the fact that defendant was under arrest at the time he made the statement. "Counsel then objected to said testimony for the reasons given in above bill. The court stated to counsel at the time he made the objection, 'All right.' Counsel then proceeded with his cross-examination of said witness along other lines. No request was made by counsel to have the objectionable testimony withdrawn from the jury." This is signed by the judge.

As the matter is presented by the bill, we are of opinion that we are not called upon to reverse. The bill does state—that is, the judge's qualification to the bill makes it apparent—that appellant was under arrest at the time he made this statement, and it may be stated further that it was not reduced to writing as required by law. But the bill does not show that it was not in pursuance of this information on confession obtained from appellant that led to the discovery of the property. Article 790 of the Code of Criminal Procedure, as amended by the Act of 1907, page 219, authorizes the admission of confessions where, in connection with said confession, the declarant makes statements of fact or circumstances that are found to be true which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. The fact stated by the judge does not exclude the idea that the stolen goods were found by reason of the confession, but rather indicates that such was the case. Where stolen property or fruits of the

crime or instrument with which the crime was committed, has been found by reason of the admission or confession, it would seem from the reading of the statute to be admissible without the warning, or without its being reduced to writing. Had the bill shown that the sheriff already knew of the whereabouts of the goods, the confession would be inadmissible. If this construction of the statute is correct, and we are of opinion that it is, then, under the bill approved by the court it is not made to appear that the court was in error in admitting the testimony. This bill will not be aided, under the rules of this court, by going to other parts of the record for other facts, but the bill will be taken by its recitals without resort to other portions of the record. Such has been the ruling of this court in regard to this matter of practice or procedure.

Appellant asked a special charge to the effect that unless the jury found that the goods were the corporeal personal property of Daniels, the occupant of the house, they would return a verdict of not guilty. This charge was refused, and correctly. The court instructed the jury that if they should find beyond a reasonable doubt that defendant did by force and breaking in the night-time unlawfully and fraudulently enter a house then and there occupied by Walter Daniels, as charged in the indictment, with the intent to commit the crime of theft, they would find him guilty of the crime of burglary. That unless they should so find and believe, defendant would not be guilty, and they should so find. This charge, we believe, sufficiently presented the matter. Daniels was not the real owner of the goods, but had the charge and control of the goods for the owners of them, who had left them with him for the purpose of being pressed and cleansed. They were in his possession and in his house, and they were sufficiently his property as the owner to authorize the averments in the indictment and the charge given by the court.

We are of opinion that the evidence is sufficient to justify the verdict of the jury, and the judgment is affirmed.

*Affirmed.*